**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 14-4176**

―――――――――

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

IRA TAYLOR,

            Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the District of
Maryland, at Baltimore.    J. Frederick Motz, Senior District
Judge.  (1:13-cr-00078-JFM-1)

―――――――――

Submitted:  November 25, 2014       Decided:  December 9, 2014

―――――――――

Before NIEMEYER, GREGORY, and AGEE, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Craig M. Sandberg, MUSLIN & SANDBERG, Chicago, Illinois, for
Appellant.  Rod J. Rosenstein, United States Attorney, Scott A.
Lemmon, Assistant United States Attorney, Baltimore, Maryland,
for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ira Taylor was convicted, following a jury trial, of possessing a firearm after sustaining a felony conviction, in violation of 18 U.S.C. § 922(g)(1) (2012) ("Count One"); distribution of, and possession with intent to distribute, a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1) (2012) ("Count Two"); and possessing and brandishing a firearm in furtherance of a drug trafficking offense (particularly, Count Two), in violation of 18 U.S.C. § 924(c) (2012) ("Count Three"). The district court sentenced Taylor to 180 months' imprisonment, consisting of ninety-six months on Counts One and Two (concurrent), and a consecutive eighty-four-month term of imprisonment on Count Three. Taylor timely noted this appeal.

Taylor presents five issues in his opening brief and one issue in his reply brief.[1] As discussed in detail below, we reject these arguments and affirm the amended criminal judgment.

---

[1] Specifically, in the reply brief, Taylor asserts a challenge to the computation of his Sentencing Guidelines range. We reject counsel's contention that he preserved the propriety of the underlying Guidelines calculation by citing to Gall v. United States, 552 U.S. 38 (2007), in the opening brief. Accordingly, we conclude that Taylor has waived this argument by raising it for the first time in his reply brief. See Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 604 n.4 (4th Cir. 2010); United States v. Brooks, 524 F.3d 549, 556 n.11 (4th Cir. 2008).

The record, taken in the light most favorable to the Government, see United States v. Washington, 743 F.3d 938, 940 (4th Cir. 2014), establishes the following facts.

On November 13, 2012, George Spradlin, who was using his personal vehicle as an unauthorized taxi, drove two people to a residential neighborhood in Baltimore. Spradlin asked his passengers if they knew anyone from whom he could buy marijuana. One of the passengers indicated that Taylor, who was on the street, could sell Spradlin marijuana. Spradlin did not then know Taylor's identity.

Taylor approached Spradlin's vehicle, spoke briefly with Spradlin, and gave Spradlin a small bag of marijuana. Before Spradlin paid for it, Taylor lifted up his shirt and displayed a firearm. Taylor removed the gun and demanded that Spradlin give him all of his money — $85 — as well as the marijuana he had just provided Spradlin. Taylor pointed the gun at Spradlin's head, and Spradlin complied. Also on Taylor's order, Spradlin exited his car and began to walk down the street. Spradlin repeatedly asked Taylor not to harm or kill him. At some point, Taylor discharged his firearm, but did not hit Spradlin.

Immediately thereafter, an unmarked police car turned down the street. Spradlin flagged down the police car and told

3

the officers that Taylor had robbed him and tried to kill him. Spradlin identified Taylor, who was standing in the middle of the street, as the man who had robbed him.

Taylor ran, and the officers gave chase. Within a few moments, one of the officers, Detective Steven Rosier, exited the car and pursued Taylor on foot. The other officer, Michael Riser, continued the pursuit in the car. While Taylor was running, Riser saw a firearm in Taylor's left hand. Once they came together again, Riser warned Rosier that Taylor was armed.

The officers later found Taylor lying face down against a row of shrubs. Taylor initially resisted Riser's directive to put his hands on his head, but he eventually capitulated. Pursuant to a search incident to arrest, Riser seized two small baggies of a plant-like substance (which the parties later stipulated was marijuana); $85 in cash, balled up; and $19 in cash, folded neatly and placed along side Taylor's identification card and credit cards.

After Taylor was in custody, Spradlin again identified Taylor as the man who had robbed him and threatened him with a firearm. Rosier later returned to search the shrubs and found a firearm lying 10-15 feet from where Taylor was apprehended. There were four live rounds and one spent shell casing in the chamber.

4

II.

Taylor moved to suppress all statements and admissions he purportedly made, the evidence seized by Riser and the firearm found by Rosier, and Spradlin's identification of Taylor as his assailant. The district court denied the motions.

Rosier, Riser, and Spradlin were among the witnesses that testified at trial. At the close of the Government's evidence, defense counsel made a Fed. R. Crim. P. 29 motion for a judgment of acquittal, which the court denied. The jury convicted Taylor on the three charged counts and found, beyond a reasonable doubt, that Taylor had brandished a firearm during the course of the underlying drug trafficking crime.

At sentencing, the district court varied downward from the advisory Guidelines range applicable to Counts One and Two and imposed a ninety-six-month sentence on these counts, to be followed by an eighty-four-month sentence on Count Three.

III.

Taylor first challenges the denial of his motions to suppress. We review factual findings underlying a district court's denial of a motion to suppress for clear error and legal conclusions de novo. United States v. Foster, 634 F.3d 243, 246 (4th Cir. 2011). Because the district court denied the motions, we construe the evidence in the light most favorable to the

Government, the party prevailing below. <u>United States v. Black</u>, 707 F.3d 531, 534 (4th Cir. 2013).

Taylor first contends that the district court should have suppressed a statement that he purportedly made on his arrest, but Taylor does not identify when, if ever, this statement was offered into evidence. Thus, any error in the pre-trial ruling is of no consequence.

Taylor next challenges the denial of his motion to suppress the evidence seized pursuant to Taylor's warrantless arrest. This evidence, which consisted of two small bags of marijuana and $85 in balled up cash, was discovered on Taylor's person during the search incident to arrest conducted by Riser. The Supreme Court has long since approved such searches. <u>See</u> <u>United States v. Robinson</u>, 414 U.S. 218, 234-35 (1973) (holding that, upon lawful warrantless arrest, police may conduct a full search of an arrestee's person and personal items in his possession and control, without any additional justification). A warrantless arrest is valid so long as "there is probable cause to believe that a criminal offense has been or is being committed." <u>Devenpeck v. Alford</u>, 543 U.S. 146, 152 (2004). Our review of the hearing transcript reveals that the officers had ample cause to arrest Taylor, thus undermining Taylor's claim that the seizure was unconstitutional.

Taylor also contests the denial of his motion to suppress the recovered firearm. However, Taylor abandoned any privacy interest he may have had in that firearm (or the ammunition) by discarding it in the shrubs. Therefore, the abandoned gun was not the fruit of a seizure, and need not have been excluded. California v. Hodari D., 499 U.S. 621, 629 (1991); see United States v. Stevenson, 396 F.3d 538, 546 (4th Cir. 2005) ("When a person voluntarily abandons his privacy interest in property, his subjective expectation of privacy becomes unreasonable, and he is precluded from seeking to suppress evidence seized from it.").

Finally, Taylor challenges the court's denial of his motion to suppress Spradlin's identification of Taylor as the perpetrator. "Due process principles prohibit the admission at trial of an out-of-court identification obtained through procedures 'so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.'" United States v. Saunders, 501 F.3d 384, 389 (4th Cir. 2007) (quoting Simmons v. United States, 390 U.S. 377, 384 (1968)). But it is clear from the record that both times Spradlin identified Taylor as the person who robbed and threatened him were entirely spontaneous, unprompted by any questions or statements from either Rosier or Riser. Thus, the court

7

properly ruled that they were not the result of an impermissibly suggestive identification process.

IV.

Taylor next argues that the district court erred in denying his Rule 29 motion for a judgment of acquittal on Counts Two and Three. We review this ruling de novo. United States v. Hickman, 626 F.3d 756, 762 (4th Cir. 2010).

"A defendant challenging the sufficiency of the evidence to support his conviction bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (internal quotation marks omitted). The jury verdict must by sustained when "there is substantial evidence in the record, when viewed in the light most favorable to the government, to support the conviction." United States v. Jaensch, 665 F.3d 83, 93 (4th Cir. 2011) (internal quotation marks omitted).

In reviewing a case for substantial evidence, we evaluate "both circumstantial and direct evidence, and allow the government all reasonable inferences that could be drawn in its favor." United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008). We do not weigh the credibility of the evidence or resolve any conflicts in the evidence. Beidler, 110 F.3d at 1067. "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." Id. (internal quotation marks omitted).

Count Two charged Taylor with knowingly distributing, and possessing with intent to distribute, a quantity of marijuana. Taylor argues that, because he possessed only 1.18 grams of marijuana, there was no basis for the jury's finding of an intent to distribute. We disagree. Although "[p]ossession of a small quantity of drugs by itself is an insufficient basis from which intent to distribute may be inferred[,]" United States v. Fisher, 912 F.2d 728, 730 (4th Cir. 1990), this fact did not stand alone. The Government's evidence established that the (admittedly small) quantity of marijuana that Taylor possessed was individually packaged in a manner consistent with the street-level distribution of drugs, Taylor engaged with Spradlin in a manner consistent with selling drugs, and Taylor possessed a loaded firearm. Taken together, these facts satisfied the Government's burden to show an intent to distribute. See United States v. Collins, 412 F.3d 515, 518-19 (4th Cir. 2005) (affirming conviction for possession with intent to distribute 2.59 grams of crack cocaine because, even in cases involving relatively small drug quantities, an intent to distribute can be inferred from the totality of the circumstances).

Taylor next asserts that the Government's evidence as to Count Three was legally insufficient. But Spradlin's testimony established that (1) the men were engaged in a drug

9

trafficking offense in that Spradlin was attempting to purchase marijuana from Taylor; (2) prior to paying Taylor, but after Taylor gave the marijuana to Spradlin for his inspection, Taylor lifted his sweatshirt to display his firearm; and (3) Spradlin felt scared and intimidated. This testimony thus demonstrated that Taylor brandished his firearm in furtherance of the drug trafficking crime of distributing marijuana. See 18 U.S.C. § 924(c)(4) (defining "brandish" as "to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person").

We note, briefly, that the Sixth Circuit's decision in United States v. Gibbs, 182 F.3d 408, 426 (6th Cir. 1999), does not command a different result. Unlike the defendant in Gibbs, who did not possess a firearm during either of the two actual drug sales he completed with the undercover agent, Taylor possessed the firearm while engaged in selling drugs to Spradlin. To be sure, the sale of marijuana was not consummated and quickly evolved into a robbery, but the jury could have reasonably concluded that, at the moment he initially displayed the firearm, Taylor "considered the firearm to be critical to his drug-trafficking activities, including the drug deal that he was conducting with [Spradlin] that day." United States v.

10

Pineda, __ F.3d __, 2014 WL 5462658, at *3 (4th Cir. Oct. 29, 2014). Accordingly, we affirm the jury's guilty verdict on Count Three.

V.

Taylor next maintains that his sentence is illegal in light of Alleyne v. United States, 133 S. Ct. 2151 (2013), and unduly excessive given the scope of his criminal conduct, in violation of the Eighth Amendment. But Alleyne is not implicated here, because the jury made the factual finding necessary to support the increased mandatory minimum. See 18 U.S.C. § 924(c)(1)(A)(ii).

Taylor's Eighth Amendment claim fares no better. The Eighth Amendment forbids cruel and unusual punishments and implicitly requires that a criminal sentence be proportionate to the crime or crimes of conviction. Solem v. Helm, 463 U.S. 277, 284 (1983). As this court recently clarified, proportionality review is available for a term-of-years sentence. United States v. Cobler, 748 F.3d 570, 579 (4th Cir.), cert. denied, 135 S. Ct. 229 (2014).

In analyzing a claim that a sentence violates the Eighth Amendment, we first decide whether a threshold comparison of the gravity of a defendant's offenses and the severity of his sentence leads to the inference that his sentence is grossly disproportionate to his crimes. Id. at 579-80. Taylor makes no

11

effort to show that his sentence, which included a downward variance from the Guidelines range applicable to Counts One and Two, presents the "rare case" sufficient to raise an inference of gross disproportionality. Graham v. Florida, 560 U.S. 48, 60 (2010) (internal quotation marks omitted). And Taylor's recidivism, which was set forth in the presentence report and was a clear concern to the district court, undermines Taylor's claim that the sentence is disproportionate. See Ewing v. California, 538 U.S. 11 (2003) (holding sentence of twenty-five years to life for theft of three golf clubs, valued at approximately $1200, was not violative of the Eighth Amendment, given defendant's prior felony convictions). We thus reject Taylor's Eighth Amendment argument.

## VI.

We turn, finally, to Taylor's claim that the district court should have sua sponte dismissed Count One because it amounts to an unconstitutional infringement on his Second Amendment right to bear arms. This argument is raised for the first time on appeal, and we conclude that Taylor cannot show any error, let alone plain error, see Fed. R. Crim. P. 52(b), in the district court's failure to sua sponte dismiss Count One.

This court has ruled that "§ 922(g)(1) is constitutionally valid on its face." United States v. Moore, 666 F.3d 313, 319 (4th Cir. 2012). But we left open the

12

possibility that presumptively lawful measures could be unconstitutional if confronted with a proper as-applied challenge. Id. To rebut this presumption of lawfulness, Taylor "must show that his factual circumstances remove his challenge from the realm of ordinary challenges." Id.

Taylor alleges that he was not participating in any criminal conduct at the time of his arrest, but this contention, which is contrary to the jury's factual findings, is simply inadequate to remove Taylor's situation from the run-of-the-mill challenge to the constitutionality of § 922(g)(1). Further, a review of Taylor's criminal history reveals that he "undoubtedly flunks the law-abiding citizen requirement" of the Second Amendment, which the Supreme Court recognized in Heller.[2] Id. at 320 (internal quotation marks omitted). Accordingly, we reject Taylor's claim of error on this point.

## VII.

For the foregoing reasons, we affirm the amended criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[2] District of Columbia v. Heller, 554 U.S. 570 (2008).

13